IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW RAWLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 24-1082 (MN) |
| ) | |
| PHIL PARKER, Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

At Wilmington, this 21st day of October 2024;

**I.     BACKGROUND**

Petitioner Andrew Rawley is in custody at the Howard R. Young Correctional Institution located in Wilmington, Delaware. He has filed a document titled "Petition for a Writ of Habeas Corpus" that is captioned for the Delaware Superior Court. (D.I. 1). According to the Petition, on August 12, 2024, Petitioner was served a Governor's Warrant from the State of Pennsylvania (dated for March 14, 2024) for his extradition to Pennsylvania for a violation of parole. (D.I. 1 at 1-2; D.I. 3 at 1, 3). Petitioner has provided a copy of the Governor's Warrant (D.I. 3 at 1, 3) and a copy of an Order of Release from the Delaware Family Court – dated August 29, 2024 – authorizing the Department of Correction to release Petitioner from its custody (D.I. 3 at 5). Petitioner explains that he is still being detained in Delaware, and he asserts that the judge presiding over his August 12, 2024 hearing told him "to write a Habeas Corpus if [he] was detain[ed] for too long." (D.I. 1 at 1-2).

## II. LEGAL STANDARDS

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court can only entertain a habeas petition on behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975)*; Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

## III. DISCUSSION

After reviewing the instant Petition, summary dismissal is appropriate. It appears that Petitioner may have intended to file the instant habeas petition in the Delaware Superior Court rather than in this Court. It also appears that Petitioner is not currently in custody pursuant to a state court judgment but, rather, is being detained for extradition to Pennsylvania. Therefore, to the extent Petitioner seeks immediate release, he is attempting to abort a criminal proceeding.

Nevertheless, in an abundance of caution, Petitioner will be given an opportunity to file an amended petition for *federal* habeas relief. If Petitioner chooses to file an amended petition, he must use the attached 28 U.S.C. § 2254 petition form.

## IV.     CONCLUSION

Accordingly, the Court will summarily dismiss Petitioner's Petition for Writ of Habeas Corpus. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

3